UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARIA C. M. VIDAL,                                    **Docket No.:**

             Plaintiff,                    **COMPLAINT**

    -against-

THE CITY OF NEW YORK, A.C.A. INDUSTRIES,      **JURY TRIAL DEMANDED**
INC. d/b/a AMERICAN MAINTENANCE and FIRE
MARSHALL JONATHAN CUMMINGS, Individually
and in his Official Capacity,

             Defendants.
-------------------------------------------------------------------X

    Plaintiff Maria C.M. Vidal ("Plaintiff" or "Ms. Vidal"), by and through her attorneys,

Joseph & Norinsberg, LLC, as and for her Complaint against The City of New York, A.C.A.

Industries, Inc. d/b/a American Maintenance and Fire Marshall Jonathan Cummings, Individually

and in his Official Capacity (collectively, "Defendants"), alleges and states as follows:

## NATURE OF CASE

    1.    This is a civil action seeking monetary damages based upon Defendants' blatant

violations of Plaintiff's rights pursuant to: (i) the sex anti-discrimination provisions of Title VII of

the Civil Rights Act of 1964, 42 U.S.C §§ 2000e *et seq.* ("Title VII"); (ii) deliberate indifference

to Plaintiff's constitutional rights, 42 U.S.C. § 1983; (iii) the gender anti-discrimination provisions

of the New York State Human Rights Law ("NYSHRL") Exec. L. § 296 *et. seq.*, and  Title 8 of

the Administrative Code of the City of New York, also known as the New York City Human

Rights Law ("NYCHRL"); (iv) the anti-aiding and abetting provisions of the NYCHRL; (v)

intentional infliction of emotional distress; (vi) assault; (vii) negligent hiring, training, retention

1

and supervision; and (viii) any other cause(s) of action that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.     Plaintiff Maria C.M. Vidal performed work for The City of New York and The New York City Fire Department ("FDNY") as a porter doing janitorial services for the FDNY's EMS Academy building in Bayside, New York.

3.     As confirmed by other public filings, the FDNY is overrun with gender discrimination and sexual harassment, and this is a case of yet another employee who was sexually harassed by a FDNY supervisor.  In line with the recently publicized allegations of other female employees,[1] the FDNY overlooked Plaintiff's sexual harassment complaint.  By ratifying this discriminatory practice, the FDNY supervisors' unlawful conduct has grown brazen and has exceeded all reasonable bounds of decency.

4.     Specifically, FDNY's Fire Marshal Jonathan Cummings ("Cummings") intended to cause, and did in fact cause, Plaintiff to suffer apprehension of an immediate harmful and offensive contact, as well as severe emotional distress, by exposing his penis and masturbating while Plaintiff performed janitorial duties in his office.  Subsequently, Cummings ejaculated on the floor and directed Plaintiff to clean up his semen from the floor.  Plaintiff took photographs of the semen on the floor to document what Cummings had done.

5.     Plaintiff reported the sexual assault to supervisors at the FDNY and American Maintenance, who failed to conduct a proper investigation and take remedial action. Notwithstanding the severity of harassment Plaintiff endured, the FDNY's response was merely

---

[1] See, e.g.,  Maria Miranda v. City of New York, et al., Dkt. No. 1:21-cv-00714 (S.D.N.Y. 2021); and Angelina Pivarnick v. City of New York, et al., Dkt. No. 1:19-cv-05274 (E.D.N.Y. 2010).

to temporarily remove Cummings from the worksite for less than a week, before reinstating him and directing him to work the same schedule as Plaintiff, which created an extremely toxic workplace for her, and caused her to suffer enormous emotional distress, resulting in her constructive discharge.

6.      American Maintenance summarily dismissed Plaintiff's complaint before accepting her resignation.   Refusing to be silenced, Plaintiff formalized her complaint by submitting written complaints to the FDNY and American Maintenance.

7.      Following a four-month investigation of Plaintiff's complaint, the FDNY EEOC office substantiated Plaintiff's allegations, concluding that: "There is sufficient credible evidence that on May 30, 2020 Fire Marshall Jonathan Cummings sexually harassed you by exposing his penis to you and masturbating in your presence." (Exhibit ("Ex.") A, FDNY EEO office's finding dated October 8, 2020).

8.      Accordingly, Plaintiff brings this action to remedy Defendants' violations of the above referenced laws protecting the rights of employees in the workplace.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PROCEDURAL REQUIREMENTS

11.     On February 19, 2021, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual harassment and hostile work environment under Title VII,  among other claims.

12.     On June 30, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue, based on Plaintiff's claims against Defendant American (See Ex. B). This Complaint is being filed within 90 days of said date.

13.     On September 17, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue, based on Plaintiff's claims under Title VII against Defendant FDNY (See Ex. C). This Complaint is being filed within 90 days of said date.

14.     Plaintiff has complied with all of the conditions precedent to the bringing of this action, and has complied with all provisions of the Charter of the City of New York.  Prior to bringing of this action and within ninety days after the injuries hereinafter described were received, Plaintiff has duly served a Notice of Claim upon the Corporation Counsel and the Comptroller for the City of New York advising of her intention to sue upon the claim set forth.  More than thirty days have elapsed since the presentation of the Notice of Claim, said claim remains unadjusted and said Comptroller has failed and/or refused to make any adjustment thereof.

15.     On August 20, 2020,  a Notice of Claim was timely served upon Defendant, The City of New York, in accordance with General Municipal Law §50-e (See Ex. D, Notice of Claim).

16.     On December 18, 2020, Plaintiff gave sworn testimony at a hearing pursuant to General Municipal Law §50-h.

17.     More than 30 days have passed since the filing of the Notice of Claim and Defendant, The City of New York, has failed to adjust said claim.

4

**Covid-19 Tolling Provisions Under New York Law**

18.     In an effort to stem the spread of COVID-19, Governor Cuomo issued Executive Order 202.8, which tolled for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. Thereafter, on April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

19.     This action is timely filed against all Defendants pursuant to the applicable Executive Orders signed by Governor Cuomo that tolled the statute of limitations due to the COVID-19 pandemic.

20.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## DEMAND FOR A JURY TRIAL

21.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

***Plaintiff***

22.     Plaintiff, MARIA C.M. VIDAL, is an individual who at all times relevant to this Complaint, has been and continues to be a resident of the County of Queens in the City and State of New York.

23.     Plaintiff was employed by Defendants as a porter from April 24, 2020 to June 18, 2020.

24.     At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of Title VII, the NYSHRL and NYCHRL.

***Defendants***

25.     Defendant, THE CITY OF NEW YORK (the "City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

26.     Defendant the City maintains The New York City Fire Department (the "FDNY"), a duly authorized public authority and/or fire department, authorized to perform all functions of a fire department as per the applicable sections of Title 29 of the Administrative Code of the City of New York, also known as the Fire Code, acting under the direction and supervision of the aforementioned municipal corporation, the City.

27.     Defendant A.C.A. INDUSTRIES, INC., d/b/a AMERICAN MAINTENANCE ("American"), was and is a for-profit foreign business corporation, with its principal place of business located at 385 West Main Street, Babylon, New York.

6

28.     American provided janitorial related services for FDNY's EMS Academy Building located at 402 Fort Totten, Bayside, New York (the "FDNY Site").

29.     At all times hereinafter mentioned, the individual named Defendant, FIRE MARSHAL JONATHAN CUMMINGS  was and still is an individual employed as a Fire Marshal and servant and/or employee of the FDNY and was acting under the supervision of said department and according to his official duties.

30.     Each and all of the acts of Defendant Cummings alleged herein were done by said Defendant while acting within the scope of his employment by Defendant, the City.

31.     At all times hereinafter mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

32.     At all times hereinafter mentioned, Defendants exercised control over the terms and conditions of Plaintiff's employment, in that Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including Plaintiff herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

33.      At all relevant times, the Defendants the City of New York and American acted jointly and severally, through their authorized employees and agents, acting within the scope of their authority, in denying Plaintiff her rights under the foregoing laws.

34.     The City and American each have more than 15 employees, and they were Plaintiff's employers under Title VII, the NYSHRL and NYCHRL.

7

## FACTUAL ALLEGATIONS

35.     On April 24, 2020, Defendants hired  Plaintiff as a porter to work at the FDNY Site. As a porter, Ms. Vidal's responsibilities included, *inter alia*: (i) cleaning and disinfecting offices, bathrooms, kitchen, gym, and other common areas; (ii) sweeping and mopping floors; and (iii) removing and recycling garbage.

36.     As set forth below, Defendants intentionally discriminated against Plaintiff because of her gender and subjected her to a gender-based hostile work environment which resulted in her constructive discharge on June 18, 2020.

***Cummings Engages in Shocking and Grossly Improper Sexual Activity in Front of Plaintiff***

37.     At all relevant times herein, FDNY's Fire Marshall Cummings worked at the FDNY Site and occupied an office therein.

38.     On May 30, 2020 at approximately 12:00 p.m., inside the FDNY Site,  Cummings intended to cause, and did in fact cause,  Plaintiff to suffer apprehension of an immediate harmful and offensive contact, as well as severe emotional distress, by exposing his penis and masturbating in Plaintiff's presence.

39.     Specifically, Plaintiff entered Cummings' office to perform janitorial duties and noticed Cummings sitting at his desk looking intently at his computer screen.  When Plaintiff reached the back of the office, Cummings turned his attention to Plaintiff and while facing her, he moved his leg over and exposed his erect penis.  In absolute shock and panic, Plaintiff exited Cummings' office and took refuge inside an office located directly across.  During her departure and while taking refuge, Plaintiff heard Cummings rocking back and forth in his chair, which made a continuous audible noise which Plaintiff clearly heard.

8

40.     Defendant Cummings then ejaculated and directed Plaintiff to clean his semen from the floor.

41.     When Defendant Cummings subsequently walked out of his office, Plaintiff took photographs of the semen on the floor to document what Cummings had done (See Ex. E).

42.     Plaintiff was utterly shocked, disgusted and appalled by what Defendant Cummings had just done.  She could not believe that he would actually perform such a grossly improper and vile sexual act in front of her.   Thereafter, Plaintiff, extremely distraught by what had just happened,  ran out of the  FDNY Site shaking and sobbing.

***Plaintiff Reported Cummings' Discriminatory Conduct Which Defendants  Dismissed***

43.     Ms. Vidal wanted to immediately report the assault to Defendants but she felt that Cummings' high rank as a Fire Marshall made him untouchable within the FDNY.

44.     Ms. Vidal worked at the FDNY Site for over a week without encountering Cummings.

45.     However, on June 11, 2020, when Ms. Vidal saw Defendant Cummings at the FDNY site, she suffered a complete emotional break down.

46.     That day, she reported the assault to FDNY's Supervising Fire Marshal Constantine Kanelopoulus ("CJ"), who told Ms. Vidal that Cummings' unlawful conduct would not be tolerated by the FDNY.  CJ also assured Ms. Vidal that Cummings would be removed from the FDNY Site.

47.     On June 12, 2020, Ms. Vidal filed a criminal complaint for sexual assault against Cummings with the New York City Police Department ("NYPD").

48.     On June 18, 2020, CJ informed  Plaintiff that Cummings was returning to the FDNY Site.  By reinstating Cummings, Defendant City of New York exhibited a shocking and

deliberate indifference toward Plaintiff.  Worse still, the City of New York, through its agency, the FDNY, failed to take proper remedial measures and failed to discipline Cummings for his discriminatory conduct.

49.     That day, Plaintiff made a sexual harassment complaint against Cummings to American's Lead Person Israel Restrepo.

50.     Upon seeing that no meaningful corrective action was being taken, Plaintiff became very fearful that Cummings would sexually assault her again and would never be held accountable, which caused her to tender her resignation on June 18, 2020.

51.     Based on the foregoing, American and the FDNY constructively discharged Plaintiff by subjecting her to such an intolerable hostile work environment, and failing to take any meaningful remedial measures, that she felt she had no choice but to resign.

52.     On June 22, 2020, Plaintiff also made a sexual harassment complaint against Cummings to American's supervisor Diana Torres.

53.     On June 25, 2020,  Plaintiff made a complaint to the FDNY's Equal Employment Opportunity ("EEO") office against Cummings for sexual harassment.

54.     On October 8, 2020,  Plaintiff received a letter from the FDNY EEO office stating: "Based on our review and evaluation of all the evidence and information obtained during the investigation, the EEO office finds as follows:

**There is sufficient credible evidence that on May 30, 2020 Fire Marshall Jonathan Cummings sexually harassed you by exposing his penis to you and masturbating in your presence**.

(See Ex. A).

10

55.     Because of Defendants' discriminatory and intolerable treatment,  Plaintiff has suffered, and continues to suffer from severe psychological trauma, severe anxiety and severe emotional distress, and is currently under the care of a mental health counselor.

## FIRST CLAIM AGAINST DEFENDANTS
### (Sexual Harassment and Hostile Work Environment in Violation of Title VII)

56.     Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if here fully set forth at length.

57.     Defendants discriminated against Plaintiff on the basis of her gender in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe sexual harassment of Plaintiff.

58.     As a direct and proximate result of Defendants' discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

59.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## SECOND CLAIM AGAINST DEFENDANTS
### (Deliberate Indifference to Plaintiff's Constitutional Rights Under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

61.     Defendant The City of New York knew that Defendant Jonathan Cummings sexually assaulted Plaintiff while working as a Fire Marshal at the FDNY Site.

62.     Notwithstanding such knowledge, Defendant the City failed to take adequate remedial action against Defendant Cummings' sexual assault.  Following Plaintiff's complaint, Defendant merely removed Cummings from the worksite for less than a week, before reinstating him and directing him to work the same schedule as Plaintiff, which caused her to suffer enormous emotional distress, resulting in her constructive discharge.

63.     In so doing, Defendant the City exhibited a deliberate indifference toward the safety and constitutional rights guaranteed to Plaintiff by the Fourteenth Amendment, and in violation of 42 U.S.C. § 1983.

64.     All of the aforementioned acts of Defendants Cummings and the City, their agents, servants and employees, were carried out under the color of law.

65.     The acts complained of were carried out by Defendant Cummings in his capacity as a Fire Marshall and/or municipal employee, with all the actual and/or apparent authority attendant thereto.

66.     The acts complained of were carried out by Defendant Cummings in his capacity as a fire marshal, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and the FDNY, and under the supervision of Defendant The City of New York.

67.      Defendants The City of New York and Cummings, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

12

68.     Specifically, Defendants have adopted a longstanding, *de facto* policy of allowing male supervisors at the FDNY to engage in sexual assaults and sexual harassment against female subordinates without ever disciplining and/or holding accountable such male supervisors for their grossly improper conduct.

69.      As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### THIRD CLAIM AGAINST DEFENDANTS
**(Sexual Harassment, Hostile Work Environment
Under the NYSHRL and NYCHRL)**

70.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

71.     The Plaintiff is a member of a protected class under the NYSHRL and NYCHRL by virtue of her gender.

72.     The NYSHRL and NYCHRL prohibit discrimination in the terms, conditions, and privileges of employment on the basis of an individual's gender.

73.     Defendants discriminated against Plaintiff in violation of the NYCHRL by permitting and fostering a hostile work environment, in the form of severe sexual harassment.

74.     Specifically, Cummings intended to cause, and did in fact cause, Plaintiff to suffer apprehension of an immediate harmful and offensive contact, as well as severe emotional distress, by exposing his penis and masturbating while Plaintiff performed janitorial duties in his office. Subsequently, Cummings ejaculated and directed Plaintiff to clean his semen from the floor.

75.     Defendants permitted and fostered a hostile work environment by failing to engage in adequate remedial action.

76.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL and NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## FOURTH CLAIM AGAINST DEFENDANTS
### (Gender-Based Discrimination in Violation of the NYSHRL and NYCHRL)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

78.     Defendants discriminated against Plaintiff by treating her differently from other individuals seeking the services furnished at the FDNY Site, a place of public accommodation, because of her gender.

79.     Plaintiff's gender was the determining factor and/or a motivating factor in Defendants' actions toward her.

80.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL and NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## FIFTH CLAIM AGAINST DEFENDANTS
### (Direct Liability and Aiding and Abetting Liability Under the NYCHRL)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

82.     Section 8–107(1)(a) of NYCHRL makes it unlawful "for an employer or an employee or agent thereof" to create a hostile work environment. N.Y.C. Admin. Code § 8–107(1)(a).

83.     Defendant CITY OF NEW YORK aided and abetted the above-described discriminatory practices prohibited by the NYCHRL, by failing to take adequate remedial measures including but not limited to failing to prevent post-assault encounters between Plaintiff and C.M. Cummings.

84.      Defendant American aided and abetted the above-described discriminatory practices prohibited by the NYCHRL, by failing to conduct a prompt investigation and take any remedial measures upon learning of Plaintiff's assault on June 18, 2020.

As a direct and proximate result of Defendants' improper aiding and abetting of the within violations, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## SIXTH CLAIM AGAINST DEFENDANTS
### (Intentional Infliction of Emotional Distress Under N.Y. State Law)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

15

86.     Defendants, by their actions and inactions described above, exhibited extreme and outrageous conduct towards Plaintiff.

87.     In undertaking the aforementioned actions and inactions, Defendants intended to cause Plaintiff severe emotional distress.

88.     In undertaking the aforementioned actions or inactions, Defendants knew or should have known that Defendant Cummings' conduct would cause Plaintiff severe emotional distress.

89.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

<u>**SEVENTH CLAIM AGAINST DEFENDANTS**</u>
**(Assault Under N.Y. State Law)**

90.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

91.     Defendant Cummings intended to cause Plaintiff to suffer apprehension of an immediate harmful or offensive contact.

92.     As a direct cause of Defendant Cummings' intent to cause Plaintiff to suffer apprehension of an immediate harmful or offensive contact, Cummings' actions did cause Plaintiff to suffer apprehension of an imminent harmful or offensive contact on several occasions.

93.     Defendants are vicariously liable for Defendant Cummings' sexual assault.

94.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## EIGHTH CLAIM AGAINST DEFENDANTS
### (Negligence Under N.Y. State Law)

95.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

96.    Defendant The City Of New York had a duty to manage and secure the premises known as the EMS Academy Building 402, Fort Totten, Bayside New York (the "FDNY Site").

97.    Defendant The City of New York was required to, in the exercise of reasonable care, to take reasonable measures to ensure the safety of those upon its premise, including Plaintiff who worked as a porter at the FDNY Site.

98.    Defendant the City failed to develop, implement and/or enforce appropriate rules, regulations and/or guidelines to protect and safeguard employees, independent contractors, freelancers and agents working at the FDNY Site, including Plaintiff herein.

99.    As a result of the negligence of Defendant the City, Plaintiff herein was sexually assaulted.

100.   As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## NINTH CLAIM AGAINST DEFENDANTS
### (Negligent Supervision Under N.Y. State Law)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

102.    Defendant The City of New York knew, or in the exercise of reasonable care, should have known that Defendant Fire Marshall Jonathan Cummings violated departmental regulations by sexually assaulting Plaintiff.

103.    Defendant the City knew, or in the exercise of reasonable care, should have known that Defendant Cummings' violation of departmental rules posed an unreasonable risk of harm to employees, independent contractors, freelancers and agents working at the FDNY Site, including Plaintiff herein.

104.    Notwithstanding such knowledge, Defendant the City failed to take adequate remedial action against Defendant Cummings' sexual assault.  Following Plaintiff's complaint, Defendant merely removed Cummings from the worksite for less than a week, before reinstating him and directing him to work the same schedule as Plaintiff, which caused her to suffer enormous emotional distress, resulting in her constructive discharge.

105.    Had there been proper supervision of Defendant Cummings, Plaintiff would not have been sexually assaulted or constructively discharged.

106.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## TENTH CLAIM AGAINST DEFENDANTS
### (Negligent Hiring/Training/Retention Under N.Y. State Law)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein at length.

108.    Defendant The City of New York selected, hired, trained, retained, assigned and supervised all members working at the FDNY Site, including Defendant Fire Marshal Jonathan Cummings.

109.    Defendant the City owed Plaintiff a duty to not hire and/or retain Defendant Cummings, and certainly not to promote him to Fire Marshal, given his dangerous and exploitive propensities, which Defendant knew, or should have known, had they engaged in a reasonable, meaningful and adequate investigation of his background prior to his hiring or retention, which they failed to do.

110.    Had there been proper training of Defendant Cummings, Plaintiff would not have been sexually assaulted.

111.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants the City of New York and American, jointly and severally, and against Defendant Cummings, individually, as follows:

19

A.     Preliminary and permanent injunctions against the Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.     A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII, the NYSHRL and NYCHRL;

C.     Damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, loss of earning capacity, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, that were caused wholly or in part by the Defendants' unlawful activities;

D.     Punitive damages to the extent authorized by law in an amount commensurate with each Defendant's actions or commissions and so as to deter future unlawful conduct;

E.     Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

F.     All other and further relief that this Court deems just and proper.

Date:   New York, New York
        September 28, 2021

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____/s/_____
Jon L. Norinsberg, Esq.
Diego O. Barros, Esq.
110 East 59th Street, Suite 3200
New York, New York 10022
Tel: (212) 227-5700
Fax: (212) 656-1889
*Attorneys for Plaintiff*

20

To:     Corporation Counsel
        100 Church Street
        New York, New York 10007
        *Defendants The City of New York and Fire Marshall Jonathan Cummings*

        Joshua Marcus, Esq.
        Franklin, Gringer & Cohen, P.C.
        666 Old Country Road, Suite 202
        Garden City, New York 11530
        *Defendant A.C.A. Industries, Inc. d/b/a American Maintenance*

21